STATE v. BOBBY EARL HARRELSON.

(Filed 10 November, 1965.)

**Criminal Law § 71—**

> Where a defendant, upon investigation of a "hit and run" accident by the police of the municipality in which he resides, telephones the police department of the city in which the accident occurred and states to an officer that he was the driver of a car involved in the accident, the fact that the officer receiving the confession did not, and had no time to, warn defendant of his constitutional right to remain silent is feckless.

APPEAL by defendant, Bobby Earl Harrelson, from *Mintz, J.,* July, 1965 Criminal Session, WAKE Superior Court.

The defendant was arrested on a warrant issued by the City Court of Raleigh charging that on December 24, 1964, he was the driver of a motor vehicle involved in a collision and accident resulting in injury to James Bell, and did thereafter unlawfully, wilfully and feloniously fail to stop at the scene of the accident on South and McDowell Streets in the City of Raleigh and render assistance, identify himself, etc., in violation of G.S. 20-166 and in violation of the ordinances of the City of Raleigh.

The Judge of the City Court found probable cause and held the defendant on bond for the action of the Superior Court. The Grand Jury returned a bill of indictment charging that the defendant wilfully and feloniously failed to stop after the vehicle which he was driving was involved in a highway accident resulting in the injury of James Bell and did fail to render reasonable assistance in providing treatment for the injury, etc. The record, including the addendum thereto, shows a jury trial in the Superior Court upon the defendant's plea of not guilty. The jury returned a verdict of guilty. From the sentence imposed, the defendant appealed.

*T. W. Bruton, Attorney General, Charles D. Barham, Jr., Assistant Attorney General, Wilson B. Partin, Jr., Staff Attorney for the State.*

*Earle R. Purser for defendant appellant.*

PER CURIAM. The defendant assigns as error (1) the Court's failure to exclude the defendant's admission to the arresting officer on the ground the officer failed to warn him of his constitutional rights to remain silent; (2) the court failed to direct a verdict of not guilty at the close of the evidence.

Officer Denny testified he went to the scene of the accident, sent the injured man, Bell, to the hospital, and ascertained from a by-stander the description and license number of the vehicle which struck Bell and failed to stop. Through the Motor Vehicles Registration Department the officer ascertained that the license had been issued to the defendant, residing in Greensboro. Officer Denny contacted the police department in Greensboro. Soon thereafter the defendant called the police department in Raleigh and admitted over the telephone to Officer Denny that he was in Raleigh on South Street, going west, when this man, James Bell, walked out into the street and into the side of his car. "I did not tell him that anything he told me might be used against him. Actually, I didn't have a chance to tell him that. I didn't tell him that before he made a statement to me."

The record fails to show wherein the defendant's constitutional rights were denied him. Under the circumstances Officer Denny's evidence as to the admissions was competent. The evidence was sufficient to carry the case to the jury and to sustain the verdict.

No error.